PARROTT BROS. VO. v. OGDEN CITY

No. 3045.   Decided June 27, 1917.   Rehearing denied October 5, 1917.   (167 Pac. 807.)

1. JUDGMENT—CONCLUSIONS OF LAW AND FINDINGS. Where, had the court rendered judgment in accordance with its findings, the judgment for plaintiff would have been for $1,742.98, rather than for $671.50, with interest, for which judgment was rendered, the court's conclusions of law, palpably at variance with the findings, and its failure to render judgment in accordance with its findings were error; the conclusions of law must be predicated upon and find their support in the findings, and the judgment must follow the conclusions of law.   (Page 514.)

2. APPEAL AND ERROR—VARIANCE BETWEEN FINDINGS AND CONCLUSIONS OF LAW—DISPOSITION OF CASE. Where the conclusions of law are palpably at variance with the findings as to the amount of plaintiff's recovery, the Supreme Court, on plaintiff's appeal, will order the lower court to set aside its erroneous conclusions of law and to substitute conclusions entitling plaintiff to a judgment in accordance with the express findings of fact, also to enter such judgment.   (Page 514.)

Appeal from District Court, Second District; *Hon. J. A. Howell*, Judge.

Suit by Parrott Bros. Company, a corporation, against Ogden City, a municipal corporation.

Judgment for plaintiff. Plaintiff appeals.

CAUSE REMANDED with instructions to amend conclusions of law and judgment.

*C. R. Hollingsworth* and *Wade M. Johnson* for appellant.

*E. T. Hulaniski* and *J. C. Littlefield* for respondent.

CORFMAN, J.

Plaintiff brought suit in the district court of Weber County to recover of the defendant $1,775.78 on a verified claim for work and materials alleged to have been furnished in the construction of street pavement under contract. Trial was had before the court without a jury, whereupon the court, after hearing the testimony, made its findings of fact, conclusions of law, and rendered judgment against the defendant in plaintiff's favor for the sum of $671.58, together with interest and costs of suit. Plaintiff appeals.

The appellant assails the conclusions of law and the judgment of the trial court upon the ground that they were not predicated upon the court's findings of fact; and this question is the only one raised on the appeal and now properly before this court for determination.

The findings in question, so far as material here, are as follows:

"That this plaintiff assumed the obligations and liabilities of said contract, relying upon the stipulations of said contract that the above work provided for therein and the above material required to be furnished, as therein provided, was in fact to be done and furnished and paid for by the defendant, and said defendant knew that this plaintiff entered upon said contract and agreed to do the said work and furnish the material therein provided in reliance upon the terms and

514        SUPREME COURT OF UTAH        [Oct.

Parrott Bros. Co. v. Ogden City, 50 Utah 512

provisions thereof, hereinbefore mentioned; that after said plaintiff had entered upon said work the defendant refused to permit plaintiff to construct said 50 cubic yards of concrete waterways, and to furnish and put in place said material above mentioned, or any portion thereof, and thereby deprived plaintiff of the profits, which would have amounted to the sum of $880, accruing, or which would have accrued to it, from doing said work and furnishing said material, to its damage in the sum of $880, no part of which has been paid.

"That the said contract, with specifications thereto attached and made a part thereof, provided that all contraction and expansion joints should be filled with asphaltum cement. That after entering upon said work, plaintiff was, by the defendant, directed and required to and did, in lieu of the asphaltum cement for said contraction and expansion joints as provided for in said contract, purchase, obtain, and use 7,656 feet of expansion felt, at an expense to the plaintiff in the sum of $382.80, and to plaintiff's damage in said sum of $382.80, no part of which has been paid. That the defendant in its answer admits that there is due from it to the plaintiff the sum of $191.40 of said sum of $382.80."

As to the first finding above, the conclusion of law by the court was:

"That the plaintiff is not entitled to recover judgment against the defendant for its loss of profits in the sum of $880 for and on account of the defendant refusing to permit the plaintiff to do the work and furnish the material as set forth in the fourth finding of fact."

As to the second finding above, the conclusion of law reached by the court was:

"That the plaintiff is entitled to recover judgment against the defendant for the sum of $191.40 only, for the tarred felt placed in the expansion and contraction joints of said concrete pavement, as set forth in the sixth finding of fact."

The record clearly shows that, had the court rendered its judgment in accordance with its findings above set forth, the judgment for the appellant would have been for $1,742.98 rather than for $671.58, with interest from August 5, 1914; and appellant assigns to be, and now contends        1, 2

that the court's conclusions of law and failure to render judgment in accordance with its findings of fact were error. We must agree with this contention. It is fundamental that the conclusions of law must be predicated upon and find their support in the findings of fact, and the judgment must follow the conclusions of law; and where, as here, the conclusions of law are so palpably at variance with the findings, there is no alternative but to order and require the lower court to set aside its erroneous conclusions of law and substitute conclusions that will entitle the appellant to, and enter, a judgment in accordance with its express findings of fact.

It is therefore ordered that this cause be remanded to the district court of Weber County, with instructions that the conclusions of law and judgment be amended in conformity with the views and findings of this court herein expressed. Costs to appellant.

FRICK, C. J., and McCARTY and THURMAN, JJ., concur.

GIDEON, J., being disqualified, took no part in the consideration of the foregoing opinion.