## CHAFFEE v. CHAFFEE.

No. 4064.   Decided April 3, 1924.   (225 Pac. 76.)

1.  DIVORCE—MODIFICATION OF DECREE WARRANTED UNDER STATUTE ONLY WHERE CONDITIONS CHANGED.   Under Comp. Laws 1917, § 3000, authorizing court, after interlocutory decree of divorce, to make such changes and new orders as shall be reasonable and proper, modification of decree is only warranted where conditions have changed; the statute not being intended to permit a review and change by the court of previous findings on particular facts.[1]

2.  DIVORCE—APPLICATION FOR MODIFICATION OF DECREE HELD NOT TO STATE FACTS AUTHORIZING SAME.   An application for a modification of a divorce decree, reciting a reduction of applicant's salary, and that his earning capacity would become depreciated, and shortened because of impairment of health growing out of his employment, *held* not to state facts sufficient to authorize the relief sought; allegations of conveyances of land by applicant and the purchase of furniture, occurring long prior to the proceedings for divorce being manifestly irrelevant and immaterial.

3.  DIVORCE—EVIDENCE OF OCCURRENCES BEFORE COMMENCEMENT OF DIVORCE ACTION INADMISSIBLE IN PETITION FOR MODIFICATION OF DECREE.   On application to modify decree, the court, though sitting without a jury, should not admit evidence of matters occurring long before the action commenced.

Appeal from District Court, Third District, Salt Lake County; *W. M. McCrea,* Judge.

Action for divorce by Alice G. R. Chaffee against Orson Albert Chaffee. From a decree, granting defendant's application for a modification of a decree in plaintiff's favor, she appeals.

REVERSED and remanded with directions.

*Rawlings & Wallace* and *D. N. Straup*, all of Salt Lake City, for appellant.

*Hutchinson & Hutchinson*, of Salt Lake City, for respondent.

---

1 *Cody* v. *Cody*, 47 Utah, 456, 154 Pac. 954.

THURMAN, J.

On June 25, 1921, plaintiff filed her complaint against the defendant for a decree of divorce alleging desertion as grounds therefor and also alleging that defendant was an able-bodied man—a locomotive engineer—earning. about $300 per month, and carried insurance in the sum of $1,500. It was also alleged that there was a minor child about 9 years of age, issue of said marriage, and that plaintiff was a fit and proper person to have the care and custody of said child. Finally, it was alleged in the complaint that plaintiff and defendant had agreed upon a settlement of their financial and property rights in the event that a decree of divorce should be entered.

Plaintiff prayed for a decree of divorce, for the custody of the child, and for a decree affirming the settlement as to property rights, the allowance of reasonable attorneys' fees, and for general relief.

Summons was duly served upon the defendant, and he made written indorsement thereon appearing in said action, took two days within which to answer the complaint, expressly waived further time, and authorized the clerk of the court to enter his default if he did not plead to the complaint within the two days mentioned. By indorsement also on the summons defendant expressly consented to the hearing of the case at any time after the expiration of two days, and, if the court entered a decree of divorce, authorized a provision therein to the effect that defendant should pay for the support of the minor child $132.50 per month from and

after the entry of the decree and $1,000 in lieu of alimony for plaintiff. Defendant also requested that the insurance policy of $4,500 then existing in favor of plaintiff should be changed so as to make the minor child the beneficiary thereof.

The court found in favor of the plaintiff, granted the decree of divorce, allowed plaintiff $1,000 in lieu of alimony and $132.50 per month for the support and maintenance of the child. The decree was interlocutory, to become final after the expiration of six months, and the sums above mentioned were to be in full settlement of all property rights, the $1,000 in lieu of alimony to be paid as rapidly as defendant's ability and earning capacity would admit, on or before August 1, 1923. One hundred dollars was allowed as attorney fees. The decree was filed April 17, 1922, and became final October 17th of the same year.

On December 11, 1922, defendant filed his petition in court for a modification of the decree as far as alimony for the plaintiff and money for the support of the child were concerned, alleging his inability to pay the same. Nothing was alleged showing a material change in the condition of the parties since the entry of the decree. The sufficiency of the complaint was challenged by general demurrer and answer filed at the same time.

On January 21, 1923, defendant filed an amended petition alleging substantially the same facts as in his original petition, and in addition thereto alleged that on July 1, 1921, a reduction was made in his wages of 12 per cent., and that defendant, at the time the decree was entered, consented to the property settlement, therein made, believing he would be able to make the payments awarded by the decree. He also alleged he was informed another reduction would be made, and that it would be impossible for him to comply with the provisions of the decree. No material change in the condition of the parties, since the decree was entered, was alleged.

On February 1, 1923, plaintiff filed a general demurrer to the amended complaint and at the same time filed her answer. She denied defendant's inability to comply with the decree and the facts upon which he based his application, and

alleged affirmatively that since the decree she had become sick and disabled and was under the care of a physician and surgeon who had advised her of the necessity of an operation. She then alleged that except as to her own illness there had been no material change in the condition of the parties since the rendition of the decree.

Upon the issues thus framed the parties went to trial. On February 6, 1923, on motion of plaintiff, an order was entered nonsuiting the defendant and dismissing his petition.

Thereafter, on March 10, 1923, defendant commenced a new proceeding against the plaintiff for a modification of the decree in respect to alimony and also the award for the child's support.

The petition alleges the deeding to plaintiff of land in Millard county which cost defendant $2,400, the furnishing to plaintiff and their child household furniture of the value of $1,000, the possession by plaintiff for many years last past of $500 life insurance upon which defendant alleges he paid the premiums, and that he carries $4,500 life insurance for his daughter. The petition then refers to the commencement of the divorce proceedings in June, 1921, and alleges that at said time after he was served with summons in the case, upon the advice of his counsel, he filed a voluntary waiver allowing plaintiff to take judgment against him for divorce and for the amount specified in the decree for alimony and support of the child upon the understanding that such arrangement would only continue for six months and until the decree became final, at which time the interlocutory decree would be modified in accordance with his financial status and earning capacity; that, believing he could meet the financial obligations thus assumed for a period of six months, he consented to the interlocutory decree.

Defendant then alleges his occupation as railroad engineer for the Oregon Short Line Railroad Company between Salt Lake City and Pocatello, his service as engineer since 1892; that he is 50 years of age, and that at the time the understanding and agreement were entered into between him and plaintiff he was earning approximately $300 per month,

while his present earnings are only $275; that owing to his long period of service as engineer his health has become impaired, and he has developed a form of kidney trouble, and that if his physical condition continues his earning capacity will become depreciated and shortened; that his entire earnings, except sufficient for his own support, have been expended for the support of plaintiff and their daughter. He alleges that he is impecunious, and that it is impossible for him to discharge the obligations of the decree.

Defendant alleges on his information and belief that the amount of money expended for the support and maintenance of the child has not exceeded $35 per month, and that the remainder of the sum awarded for such purpose has been expended upon the plaintiff. Defendant alleges he is ready and willing to pay such alimony as is necessary for the child's support and proper maintenance, but that such amount should be based upon his earning capacity and the reasonable necessities of said child; that by reason of plaintiff's conduct in dissipating said money she is not a fit and proper person to handle any sum of money allowed by the court for the benefit of the child; that defendant is entitled to an accounting for said money; and that a suitable person should be appointed by the court for the purpose of receiving and protecting money paid by defendant for the support and maintenance of the child.

Defendant prays that the amount awarded for the support of the child be reduced; that no alimony be allowed the plaintiff; that the plaintiff be ordered to account for the money received for the child's support; and that defendant be granted general relief.

Plaintiff interposed a general demurrer to defendant's application, also pleaded former adjudication by the order of nonsuit and judgment of dismissal of defendant's former petition February 6, 1923. Plaintiff also filed answer at the same time. The answer is very lengthy. We state here only such portions as we deem material.

Plaintiff admits the receipt by her of the money awarded for the child's support except the sum of $132.50, which

she alleges is long past due, but denies that defendant has paid plaintiff any sum or amount for her own use. She admits that he has deeded her 80 acres of dry farm land since their marriage; denies that he paid therefor $2,400, or any sum exceeding $1,200; denies that defendant furnished her and her child furniture of the value of $1,000, or any furniture except a few articles which plaintiff and defendant used during their marriage; alleges that most of the furniture she now has was acquired by her prior to said marriage and is her separate property; admits she has $500 life insurance, the premiums on which, however, have been and are being paid by the plaintiff; admits defendant carries $4,500 life insurance in which their child is the beneficiary; denies any information as to what defendant's counsel advised him respecting the settlement of their property rights, and alleges that the same is immaterial; denies that any such understanding as alleged by defendant was had or that she ever consented thereto. On the contrary, she alleges that the understanding and agreement respecting property rights was as stated in the decree, and that such should continue until the child was 21 years of age. Admits defendant's age and occupation, as alleged, and that at the time of the agreement respecting property rights he was earning approximately $300 per month and is earning at least $275 at the present time, but alleges that he is capable of earning $300 or more if he so desires; alleges that at the time of the entry of the decree defendant had full knowledge of the wage reduction alleged by him, and entered into the agreement and understanding concerning property rights as awarded in the decree with full knowledge thereof. She denies that he is physically unable to comply with the decree, or that he is im-, pecunious; denies that the support and maintenance of the child has not exceeded $35 per month, or that the remainder of the award for such support has been expended on plaintiff. On the contrary, she alleges that all of said money has been expended for the purpose intended by the decree. She denies that she is not a fit and proper person to handle any money received for said purpose, and alleges she is ready and

willing to account for any money received by her for or on that account.

Further answering, plaintiff pleads in bar the judgment entered February 6, 1923, above referred to. She also alleges that the decree of divorce was obtained on the grounds of wilful desertion, but that at said time plaintiff had other grounds, among which were extreme cruelty and conduct of defendant of a criminal nature. She also alleges that except as to plaintiff's present illness there has been no change in the condition of the parties since the decree of divorce was entered. She prays for the enforcement of the decree and other relief.

The writer has deemed it pertinent to make brief reference to the pleadings in the first proceeding for modification of the decree for the purpose of emphasizing a particular point and presenting a concise history of the case.

The court found in favor of the defendant, that he had become afflicted with kidney trouble since the rendition of the former decree; that his health had been impaired, and that he was unable to comply with the terms of the decree; that the issues presented had not been formerly adjudicated, and that the decree should be modified in the following particulars: The sum of $132.50 per month awarded for the support of the child should be reduced to $60 per month, and that the alimony awarded the plaintiff might be paid in installments of $65 per month. Other findings were made by the court, but they are immaterial to a decision of the case.

The principal errors relied on by appellant are (1) that defendant's application to modify the decree does not state facts sufficient to entitle defendant to such relief, and that the court erred in permitting evidence in support thereof over plaintiff's objection; (2) that the matters and things set forth in plaintiff's application had already been adjudicated in another division of the district court of Salt Lake county, and (3) that the evidence was insufficient to support the findings of fact, conclusions of law and decree, in that there is no evidence of any material change in conditions arising since the decree which could not have been considered and

passed upon by the court at the time of the entering of the original decree.

Coming first to the question as to whether or not there was a former adjudication of the matters involved in defend‑ ant's application by the judgment of the court rendered Feb‑ ruary 6, 1923, the court is of opinion that it is not of vital importance that that question should be determined. In any event considerable new matter is presented in defendant's application here which was not presented in the former appli‑ cation, and for that reason we prefer to deal with the present application on its merits rather than upon technical grounds.

Before considering the sufficiency of the application, the law governing this class of cases should be called to the atten‑ tion of the reader. Comp. Laws Utah, 1917, § 3000, reads:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties and the maintenance of the parties and children as shall be equi‑ table; provided, that if any of the children have attained the age of ten years and are of sound mind, such children shall have the privilege of selecting to which of the parents they will attach them‑ selves. Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of property, as shall be reasonable and proper."

The last sentence of the section quoted is the provision which controls in the instant case.

The circumstances and conditions under which a party may apply for a modification of the decree in cases of this kind have been so clearly defined in a case previously decided by this court that the writer feels justified in quoting from the opinion at considerable length. In Cody v. Cody, 47 Utah, 456, at page 463 (154 Pac. 954), the court, after quoting the above statute and making some reference to the position of defendant's counsel, says:

"The statute must therefore be given a reasonable construction and application. Although the language is general in permitting 'subsequent changes and new orders' to be made, yet we think it was not thereby intended that the courts could at any time review their own former orders or decrees respecting the allowance of ali‑ mony, etc., and are of the opinion that what was contemplated by the statute was that where a court had granted a decree of divorce and had allowed alimony, or had made distribution of property and

disposal of children, either party could thereafter come into court and allege that since the entry of the original decree material and permanent changes had taken place, by reason of which the allowance of alimony, as made, was either excessive or insufficient under the changed conditions, and that for that reason the existing allowance should either be increased or decreased, as the case may be, or that the distribution of the property, or the disposal of the children, as made, should be changed so as to reflect justice between the parties."

Then after indulging in numerous illustrations explanatory of its meaning the court, at pages 464 and 465 (154 Pac. 955), continues:

"We do not think the Legislature intended that the courts should review the allowances made by them for alimony in divorce proceedings, but what was intended was that, where material new conditions have arisen after the decrees were made, which conditions were not, and could not have been, considered or passed on by the courts, then, upon proper application and proof, the courts may make 'subsequent changes or new orders' respecting the allowance of alimony or the distribution of property or the disposal of children. Where a party is dissatisfied with the original allowance or distribution of property, or the disposal of the children, he must prosecute a timely appeal to review the court's orders or decrees in that regard, and in such cases the review must be had upon the evidence adduced upon the original hearing. When the conditions have changed, however, as before stated, the changes or new orders must be based upon the allegations of the changed conditions and the evidence in support thereof."

The excerpts quoted are clear and comprehensive and the law as stated is well sustained by authority.

In 7 Std. Ency. of Proc. at page 843, in speaking of    1 proceedings to modify a decree of divorce, it is said:

"A further essential to such relief which is universally agreed is that there must be a change of circumstances, or newly discovered facts to warrant such relief or it cannot be granted."

In Schouler on Divorce (6th Ed.) vol. 2, § 1831, the author says:

"Modification can only be ordered on proof of change of conditions, as the decree is final as to conditions existing at the time, and a slight change is not enough to warrant modification."

We do not understand that the doctrine of these authorities is challenged by respondent, hence it is unnecessary to

cite the numerous cases to which appellant has called our attention.

Many of the matters alleged in defendant's application are manifestly irrelevant and immaterial because they occurred long prior to the proceedings for divorce. The deeding of the land by the defendant to plaintiff, the purchasing of furniture for her and the child, the possession by plaintiff of a life insurance policy for $500 upon which defendant alleges he has paid the premiums are all matters that occurred prior to the commencement of the divorce proceedings, and are therefore clearly immaterial as grounds for modifying the decree. It does not even appear from his application that defendant's wages have been reduced since the entry of the decree of divorce; nor does it appear from the application that the kidney trouble or impairment of health of which he complains is of recent origin or had in any manner affected his earnings at the time he filed his application. The strongest allegation in that regard is "that, if defendant's physical condition continues, his earning capacity will become depreciated and shortened."

In view of the statute and authorities above quoted, which, in our opinion, reflect the law of the case, defendant's application to modify the decree does not state facts      2 sufficient to authorize its modification, and therefore plaintiff's objection to the admission of evidence should have been sustained.

Having reached the foregoing conclusion, it is not necessary to consider the objection that the evidence is insufficient to sustain the findings. There are, however, some features of the case which should not be overlooked. Notwithstanding the case was tried to the court without a jury, we are of opinion the court was altogether too liberal in the admission of evidence, especially as to matters and things which occurred long before the action for divorce was commenced. Such evidence was admitted in the face of continual objections seasonably interposed by the plaintiff. The matters referred to had no possible relevancy in a case of this kind, and, even though the court in arriving at its conclu-

sions may have endeavored to disregard incompetent    3
evidence, yet, where such wide latitude is given as in
the instant case, we are of opinion it was prejudicial to the
rights of the plaintiff and tended to influence the judgment
of the court.

There is another feature of the case to which we should
allude before concluding our opinion. It goes to the question
of defendant's good faith throughout the entire proceeding,
and may prove beneficial hereafter in this class of cases if
parties are made to understand the views of the court re-
specting such conduct. As before stated, the interlocutory
decree of divorce was entered April 17, 1922, and the award
therein made was upon written request of defendant indorsed
on the summons. The decree became final October 17, 1922,
and within less than two months thereafter, to wit, on De-
cember 11th of the same year, defendant petitioned the court
for a modification of the decree, as far as the property rights
are concerned. No substantial grounds were alleged for the
modification. The sufficiency of his application being chal-
lenged, both by demurrer and answer, on January 26, 1923,
he served on plaintiff an amended petition which was again
challenged for insufficiency. The plaintiff, however, an-
swered the petition denying the affirmative allegations, and
the parties went to trial. The court, after hearing the evi-
dence, nonsuited the defendant and dismissed the action Feb-
ruary 6, 1923. On March 10th, next following, or within
less than five weeks after the dismissal of the first proceeding,
defendant filed another application in which for the first time
he alleged kidney trouble and impairment of health due to
his long service as an engineer. He did not, however, show
that his earnings were reduced on that account.

To say the least, there appears to be a thread of disingenu-
ousness on the part of defendant running through the entire
proceeding. The application for modification of the property
features of the decree, without any substantial grounds there-
for, interposed so soon after the decree was entered, tends to
engender a doubt as to the real purpose of defendant in au-
thorizing the court to determine the property rights of the

parties, as was done in the decree. If his purpose was to get rid of his wife and child by final decree, with the mental reservation that as soon as that was accomplished he would apply for an order relieving him of that part of the decree which was burdensome to him, he could not have expressed it much more clearly than he has done by his conduct since the decree became final.

For the reasons stated, the judgment is reversed, and the cause remanded, with directions to the trial court to dismiss the action, with costs to appellant.

GIDEON, FRICK, and CHERRY, JJ., and WIGHT, District Judge, concur.

WEBER, C. J., did not participate herein.