# FRIEDLI v. FRIEDLI.

### No. 4227.    Decided July 15, 1925.    (238 P. 647.)

1. DIVORCE—WIFE HELD TO HAVE PRESUMPTIVE RIGHT TO ALIMONY. Where husband treated wife with such cruelty as to cause great mental anguish, and husband owned equity in real estate worth $2,500, and personal property, a portion of which was acquired, and $100 paid on real estate, after marriage, and wife had no money or property of her own, wife under Comp. Laws 1917, § 3000, *held* to have presumptive right to alimony.

2. DIVORCE—AWARDING ALIMONY IS DISCRETIONARY; AWARD, IF ERRONEOUS, SUBJECT TO CORRECTION ON APPEAL. Awarding of alimony and fixing amount thereof are within sound discretion of trial court, but such discretion is not arbitrary, and award or refusal to award is subject to correction on appeal, if on its face it is erroneous or unjust to either party.[1]

3. DIVORCE—SPECIAL FACTS AND CIRCUMSTANCES RENDERING AWARD OF ALIMONY UNJUST AND INEQUITABLE MUST EXIST TO JUSTIFY REFUSAL TO AWARD ALIMONY TO WIFE. Though circumstances and situation of parties with respect to their individual earning powers and separate property rights may be such as to justify the refusal to award alimony to wife, who is granted a divorce for her husband's fault, such cases depend upon special facts and circumstances.

4. TRIAL—CONCLUSIONS OF LAW MUST BE SUPPORTED BY FINDINGS OF FACT. Conclusions of law must be predicated upon and supported by findings of fact.[2]

5. DIVORCE—PRESUMPTION IN FAVOR OF JUDGMENT HAS NO APPLICATION, WHERE ON THE FACE OF THE RECORD THE CONCLUSION AND DECREE ARE INEQUITABLE AND UNJUST. Presumption in favor of validity of judgment has no application to decree denying alimony in awarding divorce, where on the face of the record the conclusion and decree are inequitable and unjust.

[1] *Read* v. *Read*, 28 Utah, 297, 78 P. 675.
[2] *Parrott Bros. Co.* v. *Ogden City*, 50 Utah, 512, 167 P. 807.
Headnote 1.    19 C. J. p. 243.
Headnote 2.    19 C. J. pp. 249, 264, 265, 329.
Headnote 3.    19 C. J. pp. 253, 255, 257, 258.
Headnote 4.    38 Cyc. p. 1979.
Headnote 5.    19 C. J. p. 330.

Appeal from District Court, First District, Cache County; *M. J. Harris,* Judge.

Action for divorce and alimony by Emma V. Friedli against Carl Friedli, Jr. From part of decree denying alimony, plaintiff appeals.

, REVERSED AND REMANDED, with directions.

*Leon Fonnesbeck,* of Logan, for appellant.

*L. T. Perry* and *E. T. Young,* both of Logan, for respondent.

CHERRY, J.

This is an action for divorce and alimony, upon the ground of cruelty. After a trial the district court awarded the plaintiff a divorce, but denied her alimony. From that part of the decree denying her alimony, the plaintiff has appealed upon the judgment roll alone, without bringing up the evidence.·

The pertinent findings of fact are in effect that the plaintiff, aged 21 years, and the defendant, aged 27 years, were married June 20, 1923; that after the marriage the defendant treated the plaintiff with such cruelty as to cause her great mental anguish, distress, and sorrow; that the defendant owns an equity in certain described real estate, upon which the parties resided during their marriage, of the value of $2,500, and has certain articles of personal property the value of which was not found; that a portion of the personal property was acquired and $100 paid on the real estate after the marriage; that the plaintiff supplied certain bedding and dishes at the time of the marriage; that the plaintiff has no money or property of her own; and that no children have been born as the issue of the marriage.

From the facts found, the court concluded that the plaintiff was entitled to a divorce; that defendant was entitled to

have awarded to him all of the real estate and personal property, except the bedding and dishes which the plaintiff supplied at the time of the marriage, which, together with $50 attorney's fee, should be awarded to the plaintiff. A decree was entered accordingly.

It is contended that the conclusions of law and decree with respect to the disposition of the property are not supported by the findings of fact, but are contrary thereto. In other words, that from the facts as found it was the imperative duty of the court to make an award of a portion of the defendant's property as alimony for the support and maintenance of the plaintiff.

"The doctrine of alimony is based upon the common-law obligation of the husband to support his wife, which is not removed by her asking for or obtaining a divorce for his misconduct." 19 C. J. 203.

Comp. Laws Utah 1917, § 3000, provides:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties and the maintenance of the parties and children as shall be equitable."

The plaintiff, under the facts as found by the court, had at least a presumptive right to alimony. While the awarding of alimony and fixing the amount thereof **1, 2** are within the sound discretion of the trial court (*Read* v. *Read*, 28 Utah, 297, 78 P. 675), the discretion is not arbitrary, and the award or refusal to award is subject to correction on appeal if it is erroneous on its face or unjust to either party. 19 C. J. 249; *Tuttle* v. *Tuttle*, 26 S. D. 306, 128 N. W. 695.

The circumstances and situation of the parties with respect to their individual earning powers and separate property rights may be such as to justify the refusal to award alimony to a wife who is granted a divorce for **3** her husband's fault. Such cases are exceptional and depend upon special facts and circumstances which render the award of alimony unjust and inequitable. But in the instant case there are not only no reasons appearing for denying alimony, but the facts as found by the court are such

as to indicate that the court, in the exercise of a sound legal discretion, ought to have made some provisions for the support and maintenance of the divorced wife.

Conclusions of law must be predicated upon and supported by the findings of fact. *Parrott Bros. Co.* v. *Ogden City,* 50 Utah, 512, 167 P. 807. Here, upon findings of fact that the defendant, from whom the plaintiff is entitled to a divorce, has property of the value of more than $2,500, and that the plaintiff has nothing, the court concludes   **4, 5** that the defendant is entitled to all of the property, and no provision is made for the support of the divorced wife. The conclusion of law is at variance with the findings of fact. On the face of the record the conclusion and decree are inequitable and unjust. The usual presumption in favor of the validity of judgments has no application to the decree in question, because it affirmatively appears to be wrong.

Appellant asks this court to fix the amount of alimony to which she is entitled, but, not having access to the evidence in the case, we deem it preferable to submit the matter to the trial court.

That part of the decree appealed from is reversed, and the cause is remanded to the district court of Cache county, with directions to rehear the parties upon the question of alimony and property rights, and to make such findings and decree with relation thereto as may be just and equitable, appellant to recover costs.

GIDEON, C. J., and THURMAN and STRAUP, JJ., concur.

FRICK, J. I concur. I am of the opinion, however, that in view of the court's finding that the defendant was guilty of extreme cruelty toward the plaintiff, and thus made it impossible for her to continue her relationship as a wife, and compelled her to appeal to a court of justice to sever her relationship with the defendant, that the district court clearly abused the discretion vested in it with respect to the al-

lowance or disallowance of alimony in this case. I am also of the opinion that in view of the findings, which have now become irrevocable, all that the district court is now empowered to do is to determine the amount that should be awarded to the plaintiff out of the property owned by the defendant.