PINNEY v. PINNEY.

No. 4276.   Decided Feb. 16, 1926.   Petition for Rehearing Denied
April 9, 1926.   (245 P. 329.)

1. APPEAL AND ERROR.   On appeal on judgment roll alone, fact findings by trial judge, in absence of evidence, are conclusive and binding.

2. TRIAL—COURT'S CONCLUSIONS FROM FACTS FOUND ARE TREATED AS CONCLUSIONS OF LAW, AND NOT AS FINDING OF FACT.   What in court's judgment was a reasonable division of property between parties was not a finding of fact, but was a conclusion from facts found, and as such must be treated and considered as a conclusion of law.

3. EVIDENCE.   Courts will take judicial notice that real property in Utah is subject to taxation for its reasonable value.

4. DIVORCE—DIVISION OF PROPERTY IS A MATTER RESTING LARGELY WITHIN SOUND DISCRETION OF TRIAL COURT, AND, UNLESS INEQUITABLE, IT WILL NOT BE DISTURBED (COMP. LAWS 1917 § 3000).   In view of Comp. Laws 1917, § 3000, division of property in divorce action discretionary with trial court, and, unless it appears from findings that division made is not equitable, appellate courts will not disturb his order.[1]

5. DIVORCE—AWARDING REAL PROPERTY TO WIFE, WITH LIEN THEREON TO HUSBAND TO BE PAID WITHIN THREE YEARS FROM FIRST PROCEEDS OF SALE THEREOF, HELD NOT AN EQUITABLE DIVISION OF PROPERTY.   In wife's suit for divorce, where real estate acquired by parties as a home was valued at $6,000, subject to mortgage of $1,675, awarding it to wife with lien thereon to husband for $1,265, to be paid to him within three years by wife, or from proceeds of sale thereof, held, under facts, and in view of alimony and allowance to wife for support of minor child, not an equitable division of their property.[2]

---

[1] Read v. Read, 78 P. 675, 28 Utah 297; Friedli v. Friedli, 238 P. 647, 65 Utah 605.

[2] Friedli v. Friedli, 238 P. 647, 65 Utah 605.

Corpus Juris-Cyc. References:

[1]   Appeal and Error, 4 C. J., p. 535, n. 8; p. 777, n. 69.

[2]   Trial 38 Cyc., p. 1964, n. 80; p. 1980, n. 54.

[3, 4]   Divorce, 19 C. J., p. 334, n. 50; Evidence, 23 C. J., p. 129, n. 96.

[5]   Divorce, 19 C. J., p. 192, n. 25; p. 334, n. 49, 50.

Appeal from District Court, Third District, Salt Lake County; *Chris Mathison,* Judge.

Action by Winnifred Pinney against Earl W. Pinney. Decree for plaintiff. Plaintiff appeals from a decree dividing the property and awarding alimony, but failing to direct defendant to pay plaintiff's costs.

DECREE AFFIRMED IN PART, REVERSED IN PART, AND SET ASIDE IN PART, AND CAUSE REMANDED, WITH DIRECTIONS.

*Pratt & Pratt,* of Ogden, and *J. Louis Brown,* of Salt Lake City, for appellant.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

GIDEON, C. J.

This is a divorce action. The complaint charges defendant with cruelty. Plaintiff based her prayer for divorce upon that ground. Defendant denied the cruelty charged. In a counterclaim he charged plaintiff with certain acts of cruelty, and upon that asked for a divorce in his favor. The court made findings in favor of plaintiff, and awarded her a decree of divorce, and gave her the custody of the minor child, issue of the marriage. The division of the property, the amount of monthly alimony awarded plaintiff, and the failure of the court to direct defendant to pay plaintiff's costs and disbursements, including counsel fees, are assigned as error.

The appeal is upon the judgment roll. The facts found by the trial court, in the absence of the evidence, are conclusive and binding upon the court. The assumption is conclusive that the findings are supported by the testimony. The appeal presents only these questions: Are the conclusions supported by, or are they contrary to, the findings made, and did the court abuse its discretion in the division of the property based upon the findings?

The court found that plaintiff and defendant were married in Utah on January 30, 1912; that they are both residents of Salt Lake county, and have been for more than one year; that there is a minor child, a son of the age of six years, issue of said marriage; that the minor son was, at the date of the trial, in the custody and control of plaintiff, and that plaintiff is a fit and proper person to have the care, custody, and control of said child. The court further found that, since January 1, 1920, defendant, without just cause or excuse, has treated plaintiff in a cruel and inhuman manner, and especially during the month of April, 1924, was he cruel to plaintiff, in that without cause or excuse he applied vile epithets toward plaintiff, and called her vile and unprintable names, and upon a number of occasions used force and violence upon the person of plaintiff; that during all of the period since January, 1920, up until the filing of the complaint defendant has willfully and without cause or excuse refused to take plaintiff to any place of amusement or social gathering, or to escort plaintiff to any of such gatherings; that, by reason of said treatment on the part of defendant toward plaintiff, plaintiff has suffered great and unusual mental distress and suffering, and, as a result of said mental distress and suffering, plaintiff has been rendered sick, and her bodily health has been impaired. The court further found that during the marriage relationship, and as a result of the joint labors, efforts, and contributions of both parties, they have acquired certain real property for a home in Salt Lake City. The property is described by metes and bounds in the findings. The court also found that said premises are improved city property, with a substantial residence thereon, and that the property with the improvements is of the value of approximately $6,000; that the title to said property is in the name of defendant; and that the same is subject to a mortgage in favor of Zion's Benefit Building Society in the sum of approximately $1,675; that plaintiff and defendant, as the result of their joint efforts and labors, have acquired certain household goods and furniture—all of which are in the possession of plaintiff, and free of all liens and incumbrances. The court, in its sixth finding found

Appeal from Third District

that plaintiff and defendant, by reason of illness and expenses incident to married life, have incurred divers and numerous obligations. These obligations are enumerated in the finding. One is an indebtedness of plaintiff to her father in the sum of $750. This indebtedness is evidenced by a promissory note, and secured by certain corporate stock. The court found this stock to be the property of plaintiff. Another is an indebtedness of defendant to his father in the sum of $1,265, evidenced by promissory notes, the payment of which is secured by certain corporate stock, and all of which stock the court found to be the property of defendant. In this finding the court enumerates other indebtedness of defendant, amounting in the aggregate to the sum of $722. All of the indebtedness was incurred by reason of illness and other expenses incident to the married life of plaintiff and defendant. The court, in its seventh finding, found that the allegations of defendant's counterclaim as to certain alleged cruel acts on the part of plaintiff toward defendant were not sustained by the evidence, and that none of them are true, and that said counterclaim should be dismissed. The court, in its eighth finding found that it is reasonable and proper that plaintiff should be awarded all of the household goods and furniture and the real property, subject, however, to a lien on said real property in favor of defendant in the sum of $1,265. In the court's ninth finding the statements of the eighth finding to the effect that it is reasonable and proper that defendant should have a lien on the real property in the sum of $1,265 are reiterated, and it is in that finding added that the said sum should be paid to him within three years from the date of the finding, without interest. It is also found in the ninth finding that it is reasonable and proper that plaintiff, in order to secure the payment of said sum of $1,265, shall execute a nonnegotiable mortgage without personal liability in favor of defendant on said real estate in the sum of $1,265, payable within three years from date, and that, in the event of the sale or transfer of said property by plaintiff, the said sum of $1,265 shall be paid out of the first moneys realized by reason of any sale of said property whether sold on the installment plan or otherwise. In its

final and tenth finding the court found that defendant is an able-bodied man, capable of earning, and that he does earn, $175 per month; that plaintiff had no income or means of support other than provided for her in the decree; that it is necessary that defendant contribute to the support and maintenance of plaintiff and said minor child; and that he shall pay to plaintiff for her support and maintenance the sum of $25 per month, and likewise pay to plaintiff for the support and maintenance of said minor child the sum of $25 per month for a period of three years from the date of the decree; and that thereafter the defendant shall pay monthly to plaintiff for her support and maintenance the sum of $15 per month, and for the support and maintenance of the minor child the sum of $25 per month, conditioned, however, that, should plaintiff sell or transfer the real property within three years from the date of the finding upon the sale or other transfer of said property, defendant shall be required to pay plaintiff for her support and maintenance after said sale or transfer the sum of $15 monthly and the sum of $25 monthly for the support and maintenance of the minor child.

The conclusions follow the findings. The decree awards plaintiff custody of the minor child, gives plaintiff the household goods and furniture, and decrees the title to the real property to plaintiff, subject to the incumbrance due the building society, and also makes the property subject to a lien in favor of defendant in the sum of $1,265, this amount to be paid within three years out of the first moneys received for the sale of the premises.

The court has incorporated in its findings the fact "that it is reasonable and proper that the defendant have a lien on said real property in the sum of $1,265 to be paid him within three years from date thereof." What in the court's judgment was a reasonable division of the property between the parties under all of the facts and circumstances of the case is not a finding of fact but is the court's conclusion from the facts found and as such it ought to be, and must be, treated. That is, that finding must be, and will be, treated and considered as a conclusion of law and not as a finding of fact binding upon this court.

By reason of the findings of fact made by the trial court it is insisted here that the court abused its discretion in the division of the property. It is earnestly urged that the court should not have given defendant a lien upon the home awarded to plaintiff, and should not have made the amount secured by such lien paramount and superior to any claim of plaintiff. The court found, and that finding of course is conclusive, and in no way controverted, nor can it be, that there is a mortgage indebtedness against the property decreed to plaintiff in the sum of $1,675. It is stated in plaintiff's brief that the interest on the mortgage is payable monthly. The court will take judicial notice that real property in the state of Utah is subject to taxation at its reasonable value. Necessarily, the plaintiff, in order to protect her home, will be required to pay the interest on said mortgage as well as the taxes assessed against the property. The court fixed the value of the home at approximately $6,000. Whether it could be sold for that amount does not appear from the findings. The minor child is six years of age. It is necessary, not only for the plaintiff, but for the minor child, that a home be furnished, and that they both be supported. The court found that plaintiff was entitled to have contribution from defendant for her support and for the support of the minor child, and also that plaintiff has no other means of support than that provided for her in the decree. Plaintiff is required to pay defendant the sum of $1,265 within three years whether she is able to sell the property or not, and, if she sells it in the meantime, she is required to make the payment out of the first moneys received for the sale of the property.

The doctrine has been recently announced by an opinion of this court that it is the duty of the husband to support his wife, and that duty is not removed by reason of the fact that she has been granted a divorce on the grounds of misconduct of the husband. *Friedli* v. *Friedli*, 238 P. 647, 65 Utah 605.

Comp. Laws Utah 1917, § 3000, reads:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties,

and the maintenance of the parties and children as shall be equitable. * * *"

The division of property is a matter that rests largely within the sound discretion of the trial court. Unless it appears from the findings that the division made is    4 not equitable under all the circumstances of the case, an appellate court should not, and will not, disturb the order of the trial court. *Read* v. *Read*, 78 P. 675, 28 Utah 297; *Friedli* v. *Friedli*, supra.

As set forth in the findings of fact made by the trial court, the defendant is an able-bodied man, capable of earning, and does actually earn, $175 per month. The wife has no means or income, except what is provided for her by the decree, and it further appears that she has been rendered sick and her health has been impaired by the cruel treatment of defendant. The real property awarded to her is incumbered by mortgage, which, of necessity, is a first lien upon the premises. In addition by the terms of the decree as it now reads, before plaintiff is entitled to receive any part of the proceeds of the sale of the property, she is required to pay defendant the sum of $1,265. She is obligated to pay defendant the said sum of $1,265 within three years whether the property is sold or not. No method or way is provided in the decree whereby plaintiff can procure means with which to pay defendant this amount other than by sale of the property. The plaintiff is the mother of the child, and must of necessity have some abiding place, not only for the child, but for herself. As we view this record, the decree of the trial court, to all intents and purposes, makes it impossible for plaintiff to ever enjoy the home which was given to her, and leaves it extremely doubtful whether in case of sale she would receive anything but a mere pittance for her interest in the premises. She is required to keep the interest falling due paid to the building society; must pay taxes; and, so far as the record discloses, the only income she has is the sum of $50 per month, $25 for her support, and $25 for the minor child. The corporate stock that the court found she owned is all hypothecated to secure indebtedness due her father, and the

stock is found to be of the approximate value of the indebtedness.

We cannot escape the conclusion that the trial court did not make an equitable division of the property in allowing and directing that the $1,265 should be a lien on the property superior and prior to any claim or lien of plaintiff. We are not disposed to disturb the other conclusions of the court, but we are clearly of the opinion that the interests of these parties and an equitable division require that that part of the decree making the $1,265 a lien against the property or in any way a charge against plaintiff should be set aside. The order will be that the decree is affirmed in all respects, save and except that the part of the decree charging the premises with any part of the $1,265 shall be reversed and set aside; that said amount of $1,265 shall in no way be a charge or claim against plaintiff. The cause is therefore remanded to the district court of Salt Lake county, with directions to so modify and change its conclusions of law and decree as to conform with the aforesaid order. Costs will not be allowed either party on this appeal.

THURMAN, FRICK, and CHERRY, JJ., concur.

STRAUP, J., did not participate herein.