## PETERSON v. PETERSON

No. 7101.   Decided February 27, 1948.   (189 P. 2d 961.)

See 27 C. J. S., Divorce, sec. 39.  Character and sufficiency of evidence required to corroborate testimony of plaintiff in divorce suit, see note, 65 A. L. R. 169.  See, also, 17 Am. Jur. 194.

*N. J. Bates,* of Richfield, for appellant.

*Larson & Larson,* of Manti, for respondent.

WADE, Justice.

This is an appeal by Mildred Peterson, defendant and appellant herein, from a judgment decreeing a divorce to her husband, Max Peterson, on the ground of desertion.

The record discloses that Mildred and Max were married in Nephi, Utah, on January 17, 1938, and are the parents of three children as a result of this union. The marriage was not a happy one, being marred by friction commencing on the wedding day. Max is a laborer who operates heavy construction machinery and his work necessitates his moving to different communities wherever work he is capable of doing is to be found. On October 21, 1942, the job on which he was currently working in Kamas, Utah, came to an end because of a fire at the place of employment and he thereupon took his wife and children to the home of the wife's parents in Axtell, Utah, and left them there while he went to seek employment elsewhere. Since that time Mildred and the children have been living with her parents. In December, 1942, Mildred wanted her husband to come and get her and the children but he refused to do so. However, a short time later, he did visit his wife and children at her parents' home. Thereafter when he obtained jobs at different places he asked her to come and live with him, but this she failed to do because she did not think the places in which he wanted her to live were suitable places in which to raise and educate her children due to the temporariness of his jobs and type of people with whom she would have to associate. On these facts the court found that Mildred willfully deserted her husband on the 21st day of October, 1942. The court further found that the allegations in defendant's counterclaim for a divorce on the grounds of failure to provide, desertion and cruelty were not sustained. The court granted plaintiff the divorce and ordered him to pay $50 a month for the support of his children.

Defendant moved for a new trial and when this was refused requested the court to order her husband to make an

allowance to assist her to bring an appeal to this court. This the court also refused.

Although appellant herein assigns the findings of the court that her counterclaim for divorce was not sustained by the evidence as error, she does not argue this in her brief but confines her argument to the court's finding that she deserted her husband on October 21, 1942, as being erroneous. She contends that because there is no evidence to support the finding that she deserted her husband on that day that there is, therefore, no basis for the judgment. Appellant also argues that the court erred in limiting the allowance to $50 for the support of the minor children and in not making an allowance for the support of defendant and for not making an allowance to assist her in taking this appeal.

The evidence is conclusive that the separation of plaintiff and defendant on October 21, 1942, was by mutual consent.

Sec. 40-3-1, U. C. A. 1943, as amended, provides that a divorce may be granted for the "Willfull desertion of the plaintiff by the defendant for more than one year." In *Speak* v. *Speak,* 81 Utah 423, 19 P. 2d 386, and in *Kidman* v. *Kidman,* 109 Utah 81, 164 P. 2d 201, 202,    1, 2 this court had occasion to determine what is "willfull desertion" when the separation of the parties began by mutual consent. In those cases we quote with approval the following from 9 R. C. L. pages 355 and 356 on the subject of desertion:

"To establish desertion three things must concur and must be proved; these are, cessation from cohabitation continued for the statutory period, intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation or misconduct on his or her part justifying the separation.

     *    *    *    *    *

"The term 'willful' as so used has been held to mean 'on purpose, intentional.' * * * The word 'willful' does not imply any malice or wrong toward the other party. Used in this connection it means absenting one's self from the society of the other spouse with the

**█**

intention to continue to live apart in spite of the wishes of such other spouse and without any intention to return to cohabitation."

In the instant case, as we have pointed out the separation of the parties on October 21, 1942, was with mutual consent. In December of that year the defendant requested her husband to come to her and offered to come to him. At that time there is certainly no evidence that Mildred intended to desert her husband, in fact the evidence is to the contrary. However, shortly thereafter the plaintiff requested her to come and live with him at a place where he then had a job. This she refused to do. Whenever plaintiff obtained a job in a different city he would request defendant to join him there. This she consistently refused to do, giving as her reason that the places in which he wished her to live were unsuitable in which to raise her children decently. When defendant married plaintiff she knew the kind of labor he did and that he would have to seek work where he could find it. She knew or should have known what kind of home he would be able to furnish her and the family. When he offered to furnish her the kind of home she should have expected when she married him, she was not justified in refusing to go to him because she considered such homes unsuitable. Such refusal extended for over a period of one year before the commencement of this action and the court therefore did not err in finding that she deserted her husband, although it did err in finding that the desertion occurred on October 21, 1942. Even though the separation of the couple began by mutual consent, when the plaintiff asked her to come and live with him and she refused, from that time on the separation was no longer by mutual consent and the court could find that Mildred deserted her husband, that is, that she did not intend to resume cohabitation with her husband, and that the separation was without the consent of her husband and was not justified. It is true, that the defendant testified to associations of the plaintiff with other women, which if believed by the court, might have been justification for her refusal to come

and live with him. However, a careful examination of the record convinces us that this was not the reason for her refusal, but that the reason was as we have stated and she admitted, that the places which he offered to provide her to live in were considered unsuitable by her.

We cannot agree with defendant's contention that since the court found the desertion commenced on October 21, 1942, and the evidence does not justify such a finding, that the judgment cannot be sustained. Our statute only requires that there shall be a willful desertion for more than one year. The evidence was sufficient to sustain a finding that there was such a willful desertion for a period of more than one year.

Should the court have granted defendant alimony and more than $50.00 per month for the support of the minor children?

The court awarded to defendant all the furniture of the couple, which was of the value of about $200, and $50 per month for the support of the minor children. At the time of the trial, plaintiff was unemployed and in debt about $150. However, the court failed to make any finding as to plaintiff's earning capacity. The evidence indicated that since his marriage to defendant he was often temporarily unemployed but that nevertheless his annual income was not low. For example, in 1942 his income tax return showed he earned $2,839.47 and in 1943 he earned $2,468.26. At one time while working at Hillfield, Utah, he earned as much as $135 per week. In the absence of a finding by the court as to plaintiff's earning capacity this court is unable to determine whether the court erred in awarding $50 per month for the support of his three minor children. It is common knowledge that under present day conditions $50 is a mere pittance and unless plaintiff's earning capacity is such that he cannot pay more, the allowance is unreasonable. As for alimony, his wife failed to ask for any in her amended answer and counterclaim for divorce and we are not prepared to say that the court erred in failing to grant her alimony under all the circumstances of the case.

Appellant had requested the court for an allowance for costs to take the appeal to this court. This the court refused to grant. Appellant is not working and has been partially supported by her parents for a number ▪ of years. She has no means of her own. We are of the opinion that she should be allowed her expenses incurred in this appeal including reasonable attorney fees and we so order.

Modified and remanded to the district court with instructions to take evidence and make a finding as to respondent's earning capacity and to enter judgment in accordance with this opinion.

McDONOUGH, C. J., and PRATT, WOLFE, and LATIMER, JJ., concur.