# GALE v. GALE

No. 7944.   Decided June 16, 1953.   (258 P. 2d 986.)

278

See 27 C. J. S., Divorce, sec. 322. Counsel fees for application to crease alimony. 17 Am. Jur., Divorce and Separation, sec. 576; 15 A. L. R. 2d 1280.

*Shirley P. Jones, Jr.*, Salt Lake City, for appellant.

*McCullough, Boyce & McCullough*, Salt Lake City, for respondent.

CROCKETT, Justice.

The legal principle controlling in this case is that a divorce decree may not be modified unless it is alleged, proved and the trial court finds that the circumstances upon which it was based have undergone a substantial change.[1]

The plaintiff was awarded a decree of divorce May 29, 1951. A property settlement was approved which gave her the family home (being purchased under contract), certain personal property and the custody of four minor children

[1] *Chaffee* v. *Chafee*, 63 Utah 261, 225 P. 76; *Osmus* v. *Osmus*, 114 Utah 216, 198 P. 2d 233.

for whose support the defendant was required to pay $25 per month each, totaling $100.

Eighteen months later, plaintiff filed the instant proceeding, seeking to modify the decree by increasing the support money for the children, alleging that the "needs of the children have increased" and that "the defendant has bettered his financial condition" but fails to state any further particular with regard thereto. After hearing, the trial court made similar findings in the language above quoted and ordered the support money increased to $35 per child, totaling $140, from which order defendant appeals.

Review of the evidence taken at the hearing shows that although the defendant was ill at the time of the divorce, had been hospitalized and was temporarily off his job, the award was based on his then earning capacity on that job. The plaintiff so testified and the decree reads:

"At such time as the defendant resumes employment * * * he shall pay plaintiff $25.00 per month for each child * * *."

The record shows with certainty not to permit of misunderstanding that the defendant is now employed on the same job, with the same company, bus driver with Pacific Greyhound Lines, as he was at the time of the divorce; and further that his rate of pay, $7\frac{1}{4}\cent$ per mile, and other conditions of his employment are the same, so that there has been no substantial change in his income. For the twelve months period prior to the divorce, his average monthly take-home pay after expenses and deductions was $329.05 as compared with an average for 15 months since the divorce of $309.28; as indicated, this shows no increase but actually a decrease. But even if this variation were that much the other way, it would hardly justify any modification of the decree.

It is true that children's needs increase as they get older. These children ranged in age from 2 to 12. But except for the fact that they had become 18 months older in the meantime there is no evidence showing any added needs. This short advance in age is not alone any such substantial change in circumstances as would warrant modification of the decree.

There is no question but what plaintiff cannot fully support the children on $100 a month, and that she needs the $140. That, however, is only one of a number of important factors to be considered in making an award for their support. When one blanket is cut to fit two beds it seldom will cover them both. The best that the court can do usually is to make such division of the income as seems most reasonable, fair and equitable to all concerned under the circumstances. This is often done indulging the hope that the slack may be made up some other way. That is what appears to have been done in the instant case. The evidence shows that the plaintiff herself has been employed since the decree, and that at the time of the hearing she was making $170 per month. It further shows that the defendant had made all his payments under the decree, yet no request was made or negotiations undertaken with him for the purpose of obtaining an adjustment in the decree prior to the initiation of this proceeding. Based on these latter considerations, the trial court refused to award the plaintiff an attorney's fee. In this regard the order is affirmed, but as to the order increasing the support money from $25 per child to $35 per child, the order is annulled and the decree as originally entered is reinstated.

Costs to appellant.

McDONOUGH, HENRIOD and WADE, JJ., concur.

WOLFE, Chief Justice (dissenting).

I dissent. In view of all the evidence, the ages of the four children, and the fact that two years has now expired

since the original decree was entered, I think that there was shown a change of circumstances to require, in fairness and equity, a change in the terms of the decree. Particularly do I think this true because the original decree made an inequitable allotment of support money — less than one-third of the defendant's take-home pay, $100, to suport four children, two of whom are 2 years old, and the other two are 7 and 12 years old.