Frances Rae FORBUSH, aka Frances F. Klein, Plaintiff and Appellant,

v.

Richard F. FORBUSH, Defendant and Respondent.

No. 15245.

Supreme Court of Utah.

April 13, 1978.

James R. Brown of Jardine, Johnson & Baldwin, Salt Lake City, for plaintiff and appellant.

Kent M. Kasting of Adams, Kasting & Anderson, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Frances Forbush challenges an order supplemental to a divorce decree which awarded her only $25 per month as support for the parties' 14-year old son of whom she has custody. The divorce was granted in November 1970 and plaintiff was given custody of their two minor children, Bevan, born June 17, 1963, and Jason, born January 14, 1965. The portion of the decree material here ordered the defendant Richard Forbush to pay $75 per month for each child as support money. Two years later, in November 1972, by stipulation of the parties the custody was changed to their father, defendant Richard. It provided that the mother have a three-month summer visitation privilege and that defendant pay $100 per month support money for each child during that period.

Subsequently plaintiff married again and filed a petition to obtain custody of the boys. Pursuant to hearing thereon and in accordance with the wishes of the boys, on February 1, 1977, the trial court ordered that the older boy Bevan be placed in the custody of the plaintiff, and that the younger boy Jason remain with his father, with reciprocal visitation rights, but no provision was made for support money. It was urged upon the court that a father cannot contract away his obligation to support his child, and should not be relieved entirely of that duty, referring to the case of *Riding v. Riding*.[1] Consequently, the court on May 16, 1977, amended the order to require the defendant to pay plaintiff $25 support money for Bevan.

In regard to the rule stated in *Riding*, we make this comment: it is sound as applied to the facts of that case. But that does not mean that, where the circumstances so justify, the court cannot order either parent to support children and relieve the other. The principal considerations in making such a determination are the needs of the child and the ability of the parent to provide such support.[2] Once there has been appropriate inquiry and determination made of those facts and the appropriate order entered, the court will not arbitrarily make a different order, but will do so only under appropriate procedure and where it is shown that there is some substantial change to justify changing the decree.[3]

In applying the rules just stated above to this controversy, the first problem that arises is that there is no transcript of the evidence brought to this Court. Accordingly, we agree with the defendant's assertion that we are therefore obliged to assume that the trial court's findings are correct.[4] However, it is true that the findings must themselves be sufficient to provide a sound foundation for the judgment, and conversely, that any proper judgment can only be entered in accordance with the findings.[5] It is then necessary to look to the findings to determine whether there is such a basis therein to justify the judgment.

The findings recite that at the time of the November 1972 order, when defendant was required to pay $100 per month for the support of each child, he was earning about $5,300 per year. But at the time of the May 16, 1977 order, which required him to pay only $25 per month to support Bevan (who is now almost 15 years old) he was

1. 8 Utah 2d 136, 329 P.2d 878.

2. *Anderson v. Anderson*, 110 Utah 300, 172 P.2d 132.

3. *Chaffee v. Chaffee*, 63 Utah 261, 225 P. 76; *Gale v. Gale*, 123 Utah 277, 258 P.2d 986.

4. *Bennett Leasing Co. v. Ellison*, 15 Utah 2d 72, 387 P.2d 246; *Whetton v. Turner*, 28 Utah 2d 47, 497 P.2d 856.

5. *Brittain v. Gorman*, 42 Utah 586, 133 P. 370; *Evans v. Shand*, 74 Utah 451, 280 P. 239; *Clements v. Clements*, 91 Idaho 732, 430 P.2d 98.

**520** ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

making about $18,000 per year. In contrast, it is significant that there is no finding of fact as to the earnings or income of the plaintiff. They do state that she is a housewife and that she is unemployed; and that there is no promise from her present husband to support Bevan. It should also be said, that there is a recital among the conclusions of law that the plaintiff has the financial means to support Bevan. But there is nothing in any finding of fact to support that conclusion of law.[6]

In consequence of what has been said above, we can see no basis in the findings of fact to indicate either an increase in the plaintiff's income, or a decrease in the defendant's income, or in the needs of the child, to justify the reduction of support money for Bevan from $100 to $25 per month. In view of the absence of a transcript, we think it inadvisable to attempt to exercise our prerogative of making findings of our own, which we may do in divorce proceedings.[7] But we think justice will be better served by allowing the trial court to make that determination.

■ Plaintiff also urges that she should be awarded a reasonable attorney's fee because of the necessity of protecting her interest in the district court and in this Court. The matter of whether attorney's fees should be awarded, and the amount thereof, rests within the sound discretion of the trial court;[8] and that matter is commended to that court's attention upon remand there.

The reduction in support money for Bevan from $100 to $25 per month is vacated; and the case is remanded for the trial court to make a determination thereon, and also on the attorney's fees, if any, to be awarded. Costs to plaintiff (appellant).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

6. See *Lone Star Uranium and Drilling Co. v. Davis*, 9 Utah 2d 175, 341 P.2d 201, which quotes with approval *Parrot Bros. Co. v. Ogden City*, 50 Utah 512, 167 P. 807:

It is fundamental that the conclusions of law must be predicated upon and find their support in the findings of fact, and the judgment must follow the conclusions of law . . .

7. See e. g. *Stone v. Stone*, 19 Utah 2d 378, 431 P.2d 802; *Wiese v. Wiese*, 24 Utah 2d 236, 469 P.2d 504 (1970).

8. *Peterson v. Peterson*, 112 Utah 542, 189 P.2d 961.