**Vickie Lee JORGENSEN, Plaintiff and Appellant,**

v.

**Randy W. JORGENSEN, Defendant and Respondent.**

**No. 18724.**

Supreme Court of Utah.

June 27, 1983.

Pete N. Vlahos, Ogden, for plaintiff and appellant.

James D. Vilos, Ogden, for defendant and respondent.

PER CURIAM:

This is an appeal from those portions of a divorce decree which awarded support for a minor child and refused to distribute certain property. Both contentions were said to be the result of the trial judge's abuse of discretion.

In 1976, respondent was separated from his first wife from whom he had four children. In about May of that year, he started a business known as R.J. Camper Sales. The business was basically a one-man operation, whereby respondent would construct and sell camper shells for pickup trucks.

In August, 1976, appellant moved into respondent's trailer and cohabited with him. She worked as his bookkeeper and secretary, for which she was paid a nominal wage. After respondent was divorced from his first wife, respondent married appellant in July, 1978. Appellant had a child in August, 1979, and the parties were separated in July, 1980.

The divorce complaint was filed in September, 1980, and appellant was awarded temporary support and alimony totaling $350. Because of numerous delays, trial was not had until March, 1982.

At trial, it became evident that the only major asset was the business, which the court awarded to the respondent. Appellant says that she should have been awarded half. There was evidence that the business assets were worth something in the range of $30,000, but that respondent could expect to get no more than about $6,000 in the case of an outright sale. Apparently the basis of the court's award was that the business was principally the result of respondent's own efforts and that the business was started before even the common law relationship respondent had with appellant.

For tax purposes, respondent reported annual income in the range of about $2,000 to $6,000. He owed temporary support of about $1,800 and also owed the State Recovery Services something in excess of $3,500 for welfare assistance. (His support obligation for children by his former wife was $240 per month.) In view of his income and expenses, the court awarded appellant child support in the amount of $65 per month.

 Appellant contends that the court abused its discretion in not awarding more for child support. She quotes *Peterson v. Peterson,* 112 Utah 542, 189 P.2d 961 (1948), for the proposition that "$50 is a mere pittance." Unlike in *Peterson,* the facts of the instant case evidence unusually low income, and comparatively high custody award obligations. Viewing the whole picture from the tests of equitable award, bottomed on need and ability to pay, this Court is disinclined to second-guess the trial court's award.

With respect to appellant's claim of abuse of discretion in awarding what she claims was property accumulated after and during the marriage, the record belies any such conclusion. The finding of the court was based on the fact that the respondent commenced his business as a sole proprietor and continued it as such after the marriage, with the same equipment or its replacement when necessary.

We have fashioned formulae to meet the nagging problem of making ends meet in similar cases, in several prior decisions. In *MacDonald v. MacDonald,* 120 Utah 573, 236 P.2d 1066 (1951), we categorized the factors in aid of reaching equitable distribution of resources to satisfy compelling needs. On the facts presented in the instant case, we conclude that there was no abuse of discretion.

Hope for a more satisfactory economic solution lies in future events, where an adjustment might be made based on changed but more fruitful circumstances, under the continuing jurisdiction of the court. In the meantime, the judgment of the lower court is affirmed, without costs to either party.