## ALLEY v. ALLEY et al.

### No. 4393.　Decided June 7, 1926.　(247 P. 301)

1. DIVORCE. Interlocutory decree of divorce, awarding custody of minor child "until further order," was conditional order by which court retained jurisdiction for purpose of making modifications.[1]

2. DIVORCE—HUSBAND'S APPLICATION, AFTER DIVORCE, FOR MODIFICATION OF DECREE GRANTING CUSTODY OF MINOR CHILD TO GRANDFATHER, HELD SUFFICIENT. Application of husband, after divorce, for custody of minor child awarded by decree to wife's father until further order of the court, *held* sufficient to authorize court to hear and determine issues presented therein.[2]

3. PARENT AND CHILD. Parent who is morally fit to have care and custody of his own offspring has rights that are paramount to rights of all others.

---

[1] *Cody* v. *Cody*, 47 Utah, 463, 154 P. 954; *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76.

[2] *Cody* v. *Cody*, 47 Utah, 463, 154 P. 954; *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76.

4. DIVORCE—HUSBAND HELD ENTITLED TO CUSTODY OF MINOR CHILD
   AWARDED TO GRANDFATHER UNTIL FURTHER ORDER, IN VIEW OF
   EVIDENCE OF MORAL FITNESS, ETC. Husband *held* entitled to cus-
   tody of minor child awarded to wife's father until further order
   by decree in divorce proceeding, in view of his moral fitness and
   ability to provide home for child, and fact that wife had remarried
   and did not want custody.

5. DIVORCE. In proceeding by husband to regain custody of minor
   child awarded to wife's father by decree of divorce, husband was
   properly permitted to testify respecting wife's conduct prior to
   decree of divorce.

Appeal from District Court, Third District, Salt Lake
County; *Chris Mathison,* Judge.

Action for divorce by George L. Alley, Jr., against Helen
Alley. On plaintiff's petition for modification of order
awarding the custody of a minor child to Joseph W. Rocheck.
Decree modifying the award, and Helen Alley and Joseph W.
Rocheck appeal.

AFFIRMED.

*B. L. Lieberman, Willard Hanson,* and *A. H. Hougaard,*
all of Salt Lake City, for appellants.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for respond-
ent.

FRICK, J.

The pleadings, findings of fact, and decrees that are made
a part of the record on appeal, together with the evidence
produced at the hearing, are too voluminous to be stated

Corpus Juris-Cyc. References:

[1]    Divorce 19 C. J. p. 350 n. 26.

[2]    Divorce 19 C. J. p. 352 n. 54; p. 353 n. 75.

[3, 4]    Divorce 19 C. J. p. 344 n. 16; Infants 31 C. J. p. 990 n. 6;
Parent and Child 29 Cyc. p. 1587 n. 42; p. 1588 n. 46, 47.

[5]    Divorce 19 C. J. p. 353 n. 75.

even in condensed form. We shall therefore confine our-
selves to a brief statement of the controlling facts, which
in substance are these:

The plaintiff, George L. Alley, and the defendant, Helen
Alley, prior to the 1st day of July, 1925, were husband and
wife. On said day, in an action duly pending in the district
court of Salt Lake county, wherein the former was plaintiff
and the latter was defendant, said district court duly entered
an interlocutory decree of divorce dissolving the bonds of
matrimony theretofore existing between said parties. As a
part of said interlocutory decree, said court also entered an
order awarding the custody of the minor child, the fruit of
the marriage between said parties, a little boy somewhat
less than two years of age, to the defendant Joseph W.
Rocheck, who is the father of the defendant Helen Alley and
the grandfather of said child. In the order or decree afore-
said it was expressly provided, however, that the right to
the custody of said child should remain in said Joseph W.
Rocheck only until said child had attained the age of 12
years, "or until the further order of this court." It was
further provided in said decree that the plaintiff, the
father of said child, be required to pay the sum of $20 per
month "for the support and maintenance" of said child.
Within a few days after said interlocutory decree of divorce
and the order awarding the custody of the child to Joseph
W. Rocheck, as before stated, was entered, the defendant
Helen Alley left Salt Lake City and went to Omaha, Neb.,
and within a short period of time, and long before said inter-
locutory decree of divorce became final, she intermarried
with one Harry C. Whitesell, of Lincoln, Neb., and she and
said Whitesell thereafter lived and cohabitated together as
husband and wife until it was discovered that Helen Alley
was not legally qualified to enter into the marriage relation.
Some time after said marriage, to wit, on the 17th day of
September, 1925, and long before said interlocutory decree
of divorce became final, the plaintiff being informed of said
marriage commenced this proceeding in the district court in

which said interlocutory decree was made and entered for the purpose of having the order awarding the custody of said child to said Joseph W. Rocheck modified. The plaintiff, in his application, prayed that the custody and control of said child be awarded to him.

The facts hereinbefore stated, together with other facts upon which the plaintiff based his prayer for a modification of said decree, were fully set forth in his application. Both Joseph W. Rocheck and Helen Alley appeared in court and assailed the sufficiency of the application by demurrer. Upon the overruling of the demurrers, Helen Alley filed an answer to the application in which she contested plaintiff's right to a modification of said decree. While she did not ask and never had asked to be awarded the custody of said child, she nevertheless asked that said child remain in the custody of Joseph W. Rocheck, her father. Joseph W. Rocheck also filed an answer in which he denied plaintiff's right to the custody of said child, and asked that it remain in his custody and under his control. Upon the issues presented by the plaintiff's application and the answers of the defendants, a hearing was had before the same judge who heard the divorce proceedings, and who found the issues in favor of the plaintiff and entered an order or decree modifying the former order awarding the custody of the child to Joseph W. Rocheck, and awarded its custody to the plaintiff, the father of the child. Both Joseph W. Rocheck and Helen Alley, hereinafter called appellants, have appealed from the judgment of modification and have assigned numerous errors.

Their first contention is that plaintiff's application for a modification of the interlocutory decree was defective in substance, in that the facts therein alleged were insufficient to authorize the district court to enter an order or judgment modifying said decree respecting the custody and control of said child. In support of that contention, they cite *Cody* v. *Cody*, 47 Utah, 463, 154 P. 954, and *Chaffee* v. *Chaffee*, 63 Utah, 261, 225 P. 76. In both of

those cases the decree of which a modification was sought had become final, and in both of them is was attempted to modify the original decree or order for permanent alimony. We have not the slightest inclination to modify, much less to depart from, the rule laid down in those cases. Upon the contrary, we are convinced that the rule there announced is wholesome and practical and should prevail, and hence we adhere to the same. The facts and circumstances of the case at bar, however, are quite different from the facts and circumstances controlling in those two cases. In the case at bar the right to make changes respecting the custody of the child in question was expressly reserved in the decree itself. The custody was awarded to the appellant Joseph W. Rocheck only until the further order of the court. The custody was therefore always subject to the further orders of the court, and was thus a conditional order merely.

By what we have said we do not mean that the court could arbitrarily or capriciously, and without any application for a modification, and without evidence in support thereof, modify the former order; but what we do mean is that where an application is made before an interlocutory decree has become final, and where the order or decree awarding the custody of a child is expressly made subject to the further orders of the court, it perhaps does not require the same degree of proof to authorize a modification thereof as it does where the application for modification is made to a final order or decree and where the right to modify is not expressly reserved. At all events, in a case like the one at bar, the court may exercise a wider and more liberal discretion in making an order or decree of modification. Indeed, under our statute, the court retains jurisdiction for the purpose of making modifications within the limits and in accordance with the rules laid down in *Cody* v. *Cody,* and *Chaffee* v. *Chaffee,* supra. In view of the fact, however, that the application in this case was made long before the interlocutory decree had become final, and in further view that the custody of the child was only given to the appellant

Joseph W. Rocheck until the further order of the court, and was therefore merely conditional, the facts alleged in the plaintiff's application were ample to authorize the court to hear and determine the issues presented by the parties in their respective pleadings. The contention, therefore, that the application was defective in substance cannot be sustained.

It is, however, also insisted that the findings of the court are not supported by the evidence. The evidence is too voluminous to be set forth here. It must suffice to say that the court's findings fully reflect the pleadings and the evidence produced at the hearing. The evidence certified up is in many respects conflicting. We have carefully read the whole of it, however, as certified in the bill of exceptions, and the salient facts we deduce therefrom, in substance, are are follows:

The plaintiff was first married to a Miss Tribe in 1914, at which time he and Miss Tribe were quite young. When the United States declared war against Germany, the plaintiff entered the military service of this government and went overseas. While he was away, in 1918, his first wife obtained a divorce from him. After his return from the army, and perhaps before, he was in the employ of a railroad company in its operating department, and lived in the family of the appellant Joseph W. Rocheck, who was likewise a railroad employee. While living in Rocheck's family, and when the appellant Helen Alley was about 16 years of age, perhaps a little less, he married her, and they, he and his wife, continued to make their home with the Rochecks, and lived with them when the child in question was born, at which time Helen Alley was perhaps a little over 17 years of age. For reasons appearing in the record but not controlling here, the plaintiff and his said wife, Helen Alley, did not always agree, and many differences arose between them which were more or less disagreeable to both of them. The child being born while they lived with Mr. and Mrs. Joseph W. Rocheck, Mrs. Rocheck naturally took charge of it and

12

became greatly attached to it. When the final break between plaintiff and his wife came, and when he was about to obtain a decree of divorce, the question of who should have the custody of the little one came to the front. Helen Alley, the mother, it seems, did not want the child, but the grandparents, Mr. and Mrs. Rocheck, did desire to have its custody. The plaintiff at the time did not have any permanent home, and in view of the tender age of the little boy it was agreed between the interested parties that the child should be given into the custody of Joseph W. Rocheck and his wife until the further order of the court, and that the plaintiff should pay the sum of $20 per month for its support. An interlocutory decree was accordingly entered dissolving the bonds of matrimony existing between Helen Alley and the plaintiff, and the order awarding the custody of the child as aforesaid was entered. In this connection the plaintiff testified that the agreement respecting the custody of the child was, to some extent at least, based upon the plea of Mr. Rocheck that if the child were left with the grandparents its presence in their home might have a salutary and wholesome influence and effect upon the conduct of Helen Alley, the child's mother. Plaintiff further testified that he was influenced by the plea, and that the same induced him to consent that the child be given into the custody of Mr. Rocheck. He, however, further testified that because of the serious differences that had arisen between him and Helen Alley, his former wife, and the charges he had made in his complaint for a divorce against her, the relations between him and Mr. and Mrs. Rocheck became more or less strained, and when he learned that Helen Alley, his former wife, had married Mr. Whitesell only a short time after the interlocutory decree of divorce was entered, and before she could legally enter into a marriage relation with another, and that she apparently cared nothing for her child, and when the relations between him and the Rochecks became more strained still, he came to the conclusion that he could not visit his child as he formerly had and as he should like to do, and hence com-

menced this proceeding to modify the interlocutory decree awarding the custody of the child to Mr. Rocheck.

The Rochecks denied many of plaintiff's statements, and insist that the custody of the child should remain with them. They produced some of their neighbors as witnesses, who testified to the ability and moral fitness of the Rochecks to rear and to take care of the child. Upon the other hand, it was made to appear to the court that the plaintiff and his first wife had become reconciled, and that they in all probability would remarry. It was also made to appear that plaintiff's brother and his wife had two small children who lived with them in a good home in Pocatello, Idaho; that they were pre-eminently well qualified and fitted to take care of the child until such time as plaintiff could establish a home, which he intended doing in the near future; and that they were greatly attached to the little boy and were well acquainted with him and he with them, and that their two little children were also greatly attached to him.

All of the foregoing facts, with others, are reflected in the findings of the court and are amply sustained by the evidence. True, the evidence in many respects is in sharp conflict, and there is some evidence which, to say the least, is not complimentary either to plaintiff or the Rochecks. In view, however, of the whole evidence, and of the circumstances appearing in evidence, the trial court could readily reconcile all of that character of evidence and could well attribute it to the interest, feelings, and strained relations of the parties and their respective witnesses. Upon the whole evidence, the district court was doubtless well satisfied and so are we, that all the interested parties are good and moral people, and that Helen Alley, the young wife, was at times and in many respects very indiscreet. The court was, however, also amply justified in concluding that she did not care to have the custody of the child; that she did not desire to be burdened with it; that, as stated by her in open court, she intended to remarry Whitesell as soon as the law would permit her to do so; and that she opposed plaintiff's application

merely because of the strained relations existing between her and him, and between him and her parents.

In view of the foregoing, it is quite clear that this is not a case where each one of two parents of a child desires its custody; nor is it a case where the moral and other fitness of the parties desiring the custody of the child is seriously questioned; nor is it a case where equities in favor of the grandparents are present. In this case the Rochecks assumed the care of the child with the full knowledge and understanding that the order awarding its custody to them was subject to change at any time. Moreover, they were, in part at least, being compensated for their services in caring for the child. Again, this is a case where the dispute arises between a parent and other relatives, and not between two parents. While, even in cases between parents, as we have had frequent occasion to point out in former decisions, courts always keep to the front the best interests or the moral and intellectual welfare of the child, we  3, 4 have, however, also frequently made plain that where the parent is morally a fit person to have the care and custody of his own offspring, his rights are paramount to the rights of all others. Parents are the natural guardians and custodians of their own offspring, and courts can interfere with such custody only when it is for the best interests of the offspring to do so. There is no good reason made to appear in this case why the father should longer be deprived of the custody and control of his own child. In every case where the welfare of a child of tender age is in question, the courts should exercise great care to subserve the best interests of such child, and in determining the question of custody and control should, if possible, always maintain control of the child and retain it within the jurisdiction of the court so as to protect it against harmful influences and to preserve its welfare and the rights of all interested parties. There is nothing made to appear in this case, however, which would affect the welfare of the child by giving it into the custody of the natural father.

It is also insisted that the court erred in permitting the plaintiff, while testifying, to answer certain questions respecting Helen Alley's conduct occurring prior to the decree of divorce. There is no merit whatever to those assignments, and hence they require no further consideration.

In view of the whole record, we are clearly of the opinion that the order or judgment of the district court, modifying the interlocutory decree, is not only without prejudicial error, but that the same is clearly right.

The judgment therefore should be, and it accordingly is, affirmed with costs. No costs shall, however, be taxed against the appellant Helen Alley.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.