## ALLEY v. ALLEY.

No. 4533.　Decided July 5, 1928.　(269 P. 487.)

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for appellant.

*Badger, Rich & Rich,* of Salt Lake City, for respondent.

CHERRY, J.

This is a controversy between divorced parents over the custody of their minor child, Raymond George Alley, a boy now nearly five years of age. The parents were married on September 9, 1922. The child was born October 16, 1923. On May 2, 1925, the plaintiff brought an action against his wife, the defendant, for a divorce upon the grounds of cruelty. The defendant waived time to plead and suffered her default to be taken. On July 1, 1925, after an ex parte hearing, an interlocutory decree of divorce as prayed for was made and entered by the court. Pursuant to the agreement of the parties the custody of the child was by the decree awarded to Joseph W. Rochek, the wife's father, "until the child arrives at the age of 12 years or until the further order of the court in that regard," and the father was required to pay $20 per month for its support. Thereafter and on September 17, 1925, the plaintiff applied to the court for a modification of the decree and asked for an order awarding the custody of the child to him. The application was resisted by both Joseph W. Rochek and the defendant, who insisted that the child remain in the custody of its grandfather. A hearing was had before Hon. Chris Mathison, judge of the district court, and an order was made December 9, 1925, modifying the decree as prayed for and awarding the custody of the child to the plaintiff, its father. Upon appeal to this court this order was affirmed. *Alley* v. *Alley* (Utah) 247 P. 301. The remittitur from this court was filed in the district court on June 28, 1926. On July 19, 1926, the defendant, the mother of the child, filed her application that the decree be further modified by awarding to her the custody of the child. After a hearing before Hon. Wm. M. McCrea, judge of the district court, her petition was denied, and from that order the appeal now to be considered was taken by the defendant.

The defendant, the mother of the child, was a party to the proceedings in both the trial and appellate courts, which

culminated in the order awarding the custody of the child to its father, and which became final on June 28, 1926. The trial court in the present proceeding was of the opinion that the defendant was bound by that proceeding, and limited the present application to a consideration of material changes in the condition and circumstances of the parties since that time, and found that none had occurred, which would warrant a further modification of the order respecting the custody of the child.

There is no serious contention made by the appellant that there has been any change in the condition or circumstances of the parties concerned since the last preceding order relating to the custody of the child which would ordinarily warrant the court in again modifying its order. Nor is there any substantial objection to the moral fitness of the father to have the custody of the child. The appeal is based principally upon the claim that the mother has a superior right by virtue of Comp. Laws Utah 1917, § 3004, which provides, in effect, that upon the separation of husband and wife having minor children under 12 years of age, the mother shall be entitled to their control and custody unless it is made to appear that she is immoral or otherwise an incompetent or improper person, in which case the court may award the custody of such children to their father or make such other order as may be just.

As before seen, the mother agreed, when the divorce was granted, that the custody of the child should be awarded to her father. She then asserted for herself no claim to its custody. In the subsequent proceedings by the father of the child for a modification giving him the custody of the child the mother was a party and she appeared in the proceedings and again preferred no claim in behalf of herself. There was evidence at that hearing of the mother's conduct which would have justified the court in refusing to award the custody of the child to her, and she there testified that she did not ask for the child's custody because if she had she would not have gotten it.

So far as the superior right of the mother under the statute is concerned, we think she has waived and lost it in consequence of her failure to assert it on the two previous occasions mentioned. And there being no sufficient grounds shown or claimed why the welfare of the child demands a change of its custody, we find no merit in the appeal.

ORDER AFFIRMED.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.