392 P.2d 792

**June OLEEN, Plaintiff and Appellant,**

v.

**William OLEEN, Defendant and Respondent.**

No. 10035.

Supreme Court of Utah.

June 5, 1964.

2a. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944).

Kenneth M. Histake, Salt Lake City, for appellant.

Henriksen & Murdock, S. Reed Murdock, Salt Lake City, for respondent.

WADE, Justice.

This appeal is by June Oleen, plaintiff below, from a decree denying her petition for a Writ of Habeas Corpus whereby she sought to obtain custody of her grand-daughter, the natural child of her son, William Oleen, the defendant below and respondent herein.

From the record it appears that in 1960, when the child who is the subject of this custody battle was about 10 months old, her father and mother separated. For about a year and a half after this separation the father and child lived in Pendleton, Oregon in the home of the father's mother, the appellant herein. The father obtained employment which took him out of the state of Oregon, and the child remained with his mother for about another year and a half. During this period he visited his child as frequently as possible but did not contribute much towards her support because he was deeply in debt, and his mother did not require it from him.

The father, believing himself to be divorced from his former wife, remarried in March, 1963, in Idaho, and after establishing a home in Salt Lake City, Utah, went to Pendleton, Oregon on June 23, 1963,

with his present wife and took his daughter back to Salt Lake to live with him. His mother was adverse to this action, so about July 2, 1963, she arrived in Salt Lake with her son's first wife, the natural mother of the child, who surreptitiously took the child away from the father's home, whereupon appellant returned to Pendleton, Oregon with her grandchild. There appellant instituted proceedings in the Juvenile Court whereby in an ex parte proceeding she obtained temporary custody of her granddaughter by alleging in her petition to the court that the natural father had forceably removed the child from her home in Pendleton, Oregon as a result of which the child's physical and emotional well-being was endangered in that the father failed to provide the child with the care, guidance, support and protection necessary for her well-being. No summons or legal notice of such proceedings was given the father although his address was supplied in those proceedings.

Some time after his remarriage the father learned he was not divorced from his first wife and immediately commenced divorce proceedings in Salt Lake County, Utah, where he obtained a divorce and was awarded custody of his child, in September, 1963. Upon obtaining this decree from the Utah court he went to his mother's home in Pendleton, Oregon and again returned his child to his home in Salt Lake City, Utah. This suit is the result of that action.

A hearing on the grandmother's petition for the Writ of Habeas Corpus and the father's answer and counterclaim thereto was held wherein all the parties concerned herein, including the child, were before the court. There being evidence that the father was earning a good living and maintaining a satisfactory home, the court concluded that the child's best interests and welfare would be subserved by allowing it to remain in the home and custody of her natural father. For this reason, as well as for the reason that the court was of the opinion that the Oregon Juvenile Court decree was not valid for failure to comply with certain provisions of the Oregon act upon which the order relied upon by appellant herein was obtained the court denied the petition and dismissed the Writ of Habeas Corpus.

It is appellant's contention that the decree of the Oregon Juvenile Court was valid and therefore the trial court was required to give it full faith and credit and was without jurisdiction to amend that decree by awarding custody to the father. We cannot agree.

In Sampsell v. Holt,[1] the father of the child sought to have a Nevada divorce decree which granted his former wife sole custody of their child changed so that he would be able to have its custody part of the time, was granted such change. This court upheld the jurisdiction of the trial court to change the custody award

1. Sampsell v. Holt, 115 Utah 73, 202 P.2d 550.

made in another state upon a showing of altered circumstances since the award was made in the foreign state and the best interest and welfare of the child justified such change. We there pointed out that in child custody cases the binding effect of a custody award of a foreign state is limited to the date and circumstances of its rendition. Child custody cases are highly equitable in character and the controlling factor in such cases is usually the best interest and welfare of the child.[2] The policy that full faith and credit be given the decrees of other states is not a controlling factor where conditions arising subsequent to the foreign decree justify a change.

■ In the instant case the grandmother obtained temporary custody under a decree based on ex parte proceedings in which the natural father of the child was given no opportunity to controvert the alleged facts upon which such custody was granted. However, whether an award of custody made under such circumstances is such as is entitled to full faith and credit need not be decided at this time. When the grandmother with the aid of the natural mother took the child away from the home of the natural father, the natural father was not divorced from his first wife. However, when he went to Oregon to reclaim his child the father had obtained a divorce himself in Utah and been awarded custody of the child. This event occurred subsequent to the temporary award of custody granted the grandmother by the Oregon Juvenile Court. Having obtained a divorce from his former wife and having thereby removed any doubts as to whether his child would be living in a wholesome, moral atmosphere, and it appearing that the living conditions are good and that the child appears to have adjusted and is living happily with the natural father's new family, there is shown a sufficient change of circumstances from that averred to be existing when the Juvenile Court of Oregon granted the temporary custody of the child to its grandmother to uphold the Utah court's decision to dismiss the Writ of Habeas Corpus and allow the natural father to retain custody.

■ Appellant also argues that the court lacked jurisdiction to change the custody award because at the time of the hearing the child was not domiciled in Utah. The authorities are not in accord as to whether a court has jurisdiction to change a valid foreign award of custody of a child legally domiciled outside the state. The general rule appears to be that if the child is physically present in the state the court has jurisdiction.[3] However, it is to be noted in the instant case that appellant's argument is based on an assumption of the child's domicile being outside the state, which is

---

2. Walton v. Coffman, 110 Utah 1, 169 P.2d 97.

3. 4 A.L.R.2d Anno. commencing page 41, Sec. 24. See also Sec. 30.

not supported by facts. From the facts as appear in the record, it was the natural father who took custody of the child when he and its natural mother separated. He stayed with his child in his mother's home until his employment necessitated leaving the state of Oregon. As soon as he was able to provide a home of his own, he took his child to it. At no time did he consider relinquishing custody to his mother. It needs no citation of authorities that the domicile of a child too young to make its own choice is that of its natural parents. In the case of separation of parents, it may be that the mother has the right to determine its domicile if she does not abandon the child. However, that is not the situation here. A Utah court has granted the custody of the child to the father. The mother of the child is not disputing such custody. The natural father being domiciled in Utah and he being a natural parent to whom custody has been granted, it does not lie with the grandmother to assert that the child's domicile is not in Utah, if that were material to determine whether the Utah court has jurisdiction to award the child to the father and to dismiss the Writ of Habeas Corpus.

Affirmed. No costs granted.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.