466 P.2d 842

Linda Lucille HATHAWAY, Plaintiff and Respondent,

v.

Ronald J. HATHAWAY, Defendant and Appellant.

In the Matter of the Writ of Habeas Corpus for Ronnie Lynn HATHAWAY, Ronald J. Hathaway, Appellant,

Linda Lucille Hathaway, Respondent.

Nos. 11902, 11827.

Supreme Court of Utah.

March 20, 1970.

Mark S. Miner, Leland K. Wimmer, Salt Lake City, for appellant.

George H. Searle, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a default divorce decree entered in an action instituted by Mrs. H (Salt Lake County District Court, No. 180008), and from a judgment in a Habeas Corpus proceeding instituted by Mr. H (Salt Lake County District Court, No.

187429), both in favor of Mrs. H. The cases were consolidated. The judgment in the Habeas Corpus proceeding is affirmed. That portion of the divorce decree awarding custody of the minor Ronnie Lynn to Mrs. H, *and that part only,* is vacated and remanded to the District Court to take evidence and determine which of the parties shall have custody of the minor child, including any conditions incident thereto and any award of support money for said child, if any, deemed advisable by the trial court.

The parties were married on August 19, 1961. Ronnie Lynn was born September 6, 1964. On June 6, 1968, Mrs. H filed for divorce, seeking custody of the child who at that time was living with Mr. H in California. Seven months later on January 8, 1969, Mr. H filed a divorce action in California, also seeking custody of the child. Mrs. H was served while in California on January 20, 1969, and Mr. H was served in California in the Utah action on January 27, 1969. Mrs. H appeared in the California action personally and by a public defender, her counsel. Upon stipulation of the parties (questioned by Mrs. H) the California court on March 14, 1969, awarded custody of the child to Mr. H "pending a final determination of custody" in the action. Nonetheless, Mrs. H brought the child to Utah in June of that year, after pretending to take the child for a temporary visit. This, after her Utah counsel had withdrawn from the Utah case. Mr. H, not to be outdone, followed her to Utah and filed the subject petition for writ of habeas corpus, based on the record of the California case, a copy of which he introduced in evidence. Hearing on the petition was set for *2:00 p. m.* on June 20, 1969. Mrs. H, with new Utah counsel, appeared before the court ex parte, and without any notice to Mr. H, at *10:00 a. m. of the same day,* and was awarded a default divorce from Mr. H. The court reserved the custody question until the 2:00 p. m. habeas corpus hearing, which had to do mostly with residency qualifications and procedural dates. At the end of this hearing, the court denied the petition, concluding that Mr. H, besides being abusive, was not a California resident at the time of the California proceedings, and that the court there had no jurisdiction. Custody of the child was awarded to Mrs. H in the divorce action. All this occurred before Mr. H and his counsel learned of the default divorce proceeding had earlier in the day at 10:00 a. m.

Counsel for Mr. H promptly moved the court to vacate the default decree, which in turn promptly was denied. Until that time no evidence had been adduced of any substantial probative nature with respect to the child's welfare or the fitness of either or both of the parties to have the custody of the child,—who, as is the case too often, was but an innocent spectator in what appeared to be a cat and mouse vendetta waged by two irreconcilable combatants.

Our empathy extends to any trial court's restraint in a case like this, but we are of the opinion that under the circumstances here, it was error not to grant the motion to vacate the default decree so far as the custody aspect thereof is concerned.

The local forum, from facts gleanable from a rather unsatisfactory record and the minor's presence in this State, presents a proper jurisdictional situs for a determination, after competent, substantial evidence is adduced, of what may be for the best interests of the minor, with an eye focused on the correlative rights and obligations of the litigant parents.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.