Monte McLANE, Plaintiff and Appellant,

v.

Barbara Ann McLANE, Defendant
and Respondent.

No. 15112.

Supreme Court of Utah.

Oct. 4, 1977.

---

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

Pete N. Vlahos, Ogden, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Monte McLane brought this action in the District Court of Davis County to obtain custody of his two daughters, Jamie Lea and Shelly Ann, ages 10 and 9. The defendant was regularly served with a complaint, restraining order, and an order to show cause. The controversy herein stems from the fact that there had been a divorce of these parties in Tucson, Arizona, in which custody of the two girls had been awarded to defendant Barbara Ann McLane.

The Arizona divorce was granted in September, 1971. Subsequently the plaintiff moved to Utah. There were several attempts by the parties to reconcile their differences. Shortly before this proceeding, the defendant brought the children to Utah for a vacation. Further efforts to re-establish a better relationship between the parties failed. The plaintiff then initiated this independent action to obtain custody of his daughters, alleging, inter alia, that the defendant was unfit to have their custody; and that it would be in their best interest and welfare for him to have them.

On the occasion of the first hearing on the matter, December 4, 1975, defendant's counsel challenged the sufficiency of the complaint on the ground that counsel had failed to sign it, upon which the court ruled in favor of the defendant. That same day, the defendant was again personally served with a verified complaint, a restraining order and notice of a hearing on the order to show cause. It was in response thereto, that at the time of a hearing on January 8, 1976, the defendant's counsel filed an answer and counterclaim asserting her right to the custody of the children and seeking other relief. However, it now appears that meanwhile, on or about December 29, 1975, the defendant had taken the children and departed; and that insofar as this record discloses, her whereabouts is now unknown.

At the January 8 hearing, our district court continued in effect a previously made order that, until the matter could be heard on its merits, the plaintiff is entitled to temporary custody of the children. It also appears that on the basis of that order of our district court, the plaintiff filed a petition for a writ of habeas corpus in the Pima County Superior Court in Arizona. The writ issued, but the plaintiff has been unable to locate defendant or the children.

Dates for hearing were set, and for reasons satisfactory to the court were vacated and continuances granted, the detail of which is not material to the issue here. On December 27, 1976, retired Judge Maurice Harding (from Fourth District, sitting by invitation) ordered that the matter be continued for the setting of a trial date. The plaintiff later filed a motion for such a setting. That motion was heard by Judge J. Duffy Palmer on February 24, 1977. In the hearing on that motion reference was made to the proceedings in Arizona; and it was argued that this proceeding was an attempt to modify or abrogate a judgment of a sister state. In reference thereto the trial judge stated: "I feel that the parties are there, and the action was there and that's the proper forum;" and upon that basis he denied the request for a trial setting. This ruling had the effect, and cannot be regarded as other than, a dismissal

of the plaintiff's action; and that is the order appealed from.

Notwithstanding the fact that the courts of one state [Arizona] have acquired jurisdiction over children, and that a judgment may have been entered therein, that does not mean that it retains permanent and exclusive control over them. The needs of children for sustenance and protective care are continuous and it is essential that, wherever they may be, the courts have jurisdiction to safeguard their interests and welfare. Consequently, for that purpose, properly interested parties may invoke the jurisdiction of the court based on either (1) the domicile of the child, or (2) the presence of the child within the state, or (3) in personam jurisdiction over the parties seeking custody.[1] Furthermore, any one or more of those bases is sufficient foundation for jurisdiction upon which a court may proceed to hear and determine such a controversy.[2]

This does not deny nor disparage full faith and credit to the judgment of the sister state. That judgment stands as unimpaired as if it were a judgment of our own state, but no more so. The giving of "full faith and credit" to the judgment of a sister state simply requires that it be given the same credit as it would be given in that state; and also the same credit that it would be given if rendered in the courts of our own state. With respect to divorce decrees, our statute provides that: "the court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and main-

tenance of the parties, the custody of the children and their support and maintenance, . . . as shall be reasonable and necessary."[3] Even though the decree is res judicata as to circumstances existing at the time of the decree, if there are changed circumstances so requiring, there can be a further adjudication thereon.[4]

In applying the law just discussed to the facts as delineated herein it will be seen that proper in personam and subject matter jurisdiction was acquired in and for our district court over both the children and the defendant who were then within the State of Utah.

In consequence of what has been said herein, it is our opinion that the trial court erred in the order made, which in effect dismissed this action; and also in refusing to set a new trial date. We recognize that as a practical matter, further proceedings herein may be fraught with difficulties insofar as obtaining actual custody of the children is concerned. Nevertheless, the plaintiff has a viable action in which he has acquired jurisdiction over the defendant; and he is entitled to this ruling: that the defendant's absconding with the children cannot have the effect of defeating the jurisdiction of the court;[5] and that the plaintiff is entitled to proceed with his action, and to have a trial, for whatever objective may properly be accomplished with respect to his children. Accordingly, the order referred to is reversed and this case is remanded for such further proceedings as may seem advised and consistent with this

1. *Plumb v. Plumb*, Utah, 555 P.2d 1205 (1976); *Sampsell v. Superior Court*, 32 Cal.2d 763, 197 P.2d 739 (1948); *Wallace v. Wallace*, 63 N.M. 414, 320 P.2d 1020 (1958). See also Restatement of Conflicts 2d, Sec. 79; 4 A.L.R.2d 16, 19.

2. Restatement of Conflicts 2d, *supra* note 1. For instance, in *Hathaway v. Hathaway*, 24 Utah 2d 118, 466 P.2d 842 (1970), we held that the local forum, because of the presence of the child, was a proper one to determine the issue of custody.

3. See Sec. 30–3–5, U.C.A., 1953.

4. As to need of changed circumstances, see *Cody v. Cody*, 47 Utah 456, 154 P. 952; *Alley v. Alley*, 67 Utah 316, 247 P. 301; and that our court will treat a foreign decree the same as one of our own, and in appropriate circumstances will further adjudicate upon and enforce it, see *Oleen v. Oleen*, 15 Utah 2d 326, 392 P.2d 792; *Sampsell v. Holt*, 115 Utah 73, 202 P.2d 550; *Scott v. Scott*, 19 Utah 2d 267, 430 P.2d 580; and see *Thomas v. Thomas*, Cal., 14 Cal.2d 355, 94 P.2d 810.

5. *Application of Butts*, 129 Mont. 440, 289 P.2d 949 (1955); *Clark v. Clark*, Okl., 361 P.2d 207 (1961); *Earnst v. Earnst*, Okl., 418 P.2d 351 (1966).

decision. Any award of cost to abide determination by the district court.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.